# Edwards and Edwards
### Attorneys At Law

Roger C. Edwards
(1923-2000)
R. Chadwick Edwards, Jr.
(A Professional Law Corporation)

114 East Lafayette Street
Post Office Box 217
Abbeville, LA 70511-0217

Telephone (337) 893-2884
Facsimile (337) 898-1285
Chad@chadedwardslaw.com

March 4, 2019

**Sundance Energy, Inc.**
Through Cathy Anderson, its Agent for Service
633 17th Street
Suite 1950
Denver, Co 80202
In Accordance with the Louisiana Long Arm Statute
*CM/RRR 7018 0360 0001 8172 9896*

                                        Re:    Gerald D. Libersat et al v Sundance Energy Inc. et al -
                                                   Vermilion Parish Docket Number 106342

Dear Ms. Anderson:

       Enclosed you will find a certified copy of a Citation, Petition, and Petitioner's First Set of Discovery Requests, which are being served upon you herewith under the Louisiana Long Arm Statute, LSA-R.S. 13:3201.

       Please make note of all dates referenced therein to timely file any pleadings on your behalf.

       Please be advised that the address for the Clerk of Court for the Fifteenth Judicial District Court is:

                            Vermilion Parish Clerk of Court
                              100 North State Street
                                   Room 101
                            Abbeville, Louisiana, 70510

and its phone number is (337) 898-1992.

                                                        Sincerely,

                                                         CLARE STEEN
                                                        Secretary to R. Chadwick Edwards, Jr.

Enclosure

CS'GeraldLibersat'TexasMin.lts                                                                                  File #6947 / VP Docket #



EXHIBIT "A"

D1502988

## CITATION – LONG ARM STATUTE

| | |
|---|---|
| GERALD D LIBERSAT, ET AL | FIFTEENTH JUDICIAL DISTRICT |
| VS | PARISH OF VERMILION |
| SUNDANCE ENERGY INC, ET AL | STATE OF LOUISIANA |

**DOCKET NUMBER: C-106342**

To: **SUNDANCE ENERGY INC**
**THROUGH CATHY ANDERSON, ITS AGENT FOR SERVICE**
**633 17TH STREET, STE 1950**
**DENVER, CO 80202**

Parish: **LONG ARM STATUE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion State of Louisiana, within **thirty (30)** days after the service hereof, under penalty of default.

This service was ordered by **R. CHADWICK EDWARDS JR** and was issued by the Clerk of Court on the **1ST DAY OF MARCH, 2019**.

* Also attached are the following documents:

**PETITION**
**PETITIONER'S FIRST SET OF DISCOVERY REQUESTS**

Deputy Clerk of Court for
Diane Meaux Broussard
Clerk of Court

---

### SERVICE INFORMATION

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____ BY:_____
MILEAGE $_____        DEPUTY SHERIFF
TOTAL   $_____

ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK

by placing the same in the U. S. Mail, addressed to Sundance Energy, Inc., Through Cathy Anderson, its Agent for Service, 633 17th Street, Suite 1950, Denver, CO 80202 by certified mail, return receipt requested, number 7013 0360 0001 9172 9696, in accordance with the Louisiana Long Arm Statute LSA-R.S. 13:3201, postage prepaid and properly addressed.

EXHIBIT "A"

| | |
|---|---|
| Gerald D. Libersat, et al | 15th Judicial District Court |
| versus | Docket No. 106342-J |
| Sundance Energy, Inc., LLC, et al | Vermilion Parish, Louisiana |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITION

The petition of Gerald D. Libersat, individually and as Executor of the Succession of May Guidry Libersat, and Julie Romero Libersat, who with respect represent:

1.

Made defendants herein are:

A.

**Sundance Energy, Inc.**, believed to be a Colorado company domiciled at 633 17th Street, Suite 1950, Denver, CO 80202 having designated Cathy Anderson as its agent for service at the same address; believed to be an assignee of Clayton W. Williams, Jr.

B.

**Sea Eagle Ford, LLC**, believed to be a Texas company having as its mailing address 633 17th Street, Suite 1950, Denver, CO 80202, asserted to be the operator of the Libersat EFS 1H, 2H and 3H Wells in McMullen County, Texas; believed to be an assignee of Clayton W. Williams, Jr.

C.

**Thomas B. Moore**, believed to be a working interest or overriding royalty owner and an assignee of Clayton W. Williams, Jr.

D.

**Robert L. Graham**, domicile currently unknown but believed to be a working interest or overriding royalty owners and an assignee of Clayton W. Williams, Jr.

E.

**T.M. Shepard,** domicile currently unknown but believed to be a working interest or overriding royalty owner and an assignee of Clayton W. Williams, Jr.

F.

**John H. Sowell III**, domicile currently unknown but believed to be a working interest or overriding royalty owners and an assignee of Clayton W. Williams, Jr.

G.

**Clayton W. Williams, Jr.,** believed to be a Texas resident now doing business by and through its successor entity, **Clayton Williams Energy, Inc.,** having designated CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816, as its agent for service of process, and believed to have been acquired by **Noble Energy, Inc.**, a Delaware corporation having a mailing address of 1001 Noble Energy Way, Houston, TX 77070, having designated CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816, as its agent for service of process; believed to be an assignee of Clayton W. Williams, Jr.

EXHIBIT "A"

2.

This is an action on a Louisiana contract and jurisdiction and venue are properly vested pursuant to La. Code of Civil Procedure, articles 42(5), 74 and 76.1, La. Revised Statutes 13:3201 and 31:128, *et seq.*, and La. Civil Code, article 3515, *et seq.*

3.

On or about April 2, 1984, a Mineral Lease (the Lease) was executed by May G. Libersat, Gerald D. Libersat, Rodney J. Libersat and Donald J. Libersat as lessors, bearing upon 269.97 acres more or less in McMullen County, Texas.

4.

The Lease was sought and obtained by Clayton W. Williams, Jr., who contacted the aforesaid lessors, came to Louisiana to arrange the terms and conditions of the contract, and the Lease was ultimately confected in Louisiana when lessors signed the same.

5.

Upon information and belief the rights and obligations under this lease have been assigned by the original lessee Clayton W. Williams, Jr., to the other defendants, which is specifically addressed in the Lease, to wit:

> 8. The rights and estate of any party hereto may be assigned from time to time in whole or in part and as to any mineral or horizon. All of the covenants, obligations and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, successors, assigns, and successive assigns.

6.

Petitioners have not granted any release of rights and pursuant to the terms of the contract and by operation of law the Lease is an indivisible obligation owed by all of the defendants who are solidary obligors.

7.

At this time petitioners have no information that defendants Clayton W. Williams, Jr. and/or Noble Energy, Inc., have breached their obligation to perform in good faith as a prudent operator, but are necessary parties to this action.

8.

The Lease specifically provides for performance of the payment obligations of the lessee in Vermilion Parish, Louisiana.

9.

The past performance of this obligation by the lessee, and each subsequent assignee, has been to perform and discharge the obligations under the Lease by paying petitioners in Vermilion Parish, Louisiana.

10.

Upon information and belief the defendants Sundance Energy, Sea Eagle Ford, Moore, Graham, Shepard and Sowell (hereafter collectively Sundance) have obtained an assignment of certain rights under the Lease, and are solidarily liable for the discharge of the Lease obligations in good faith and as a prudent operator.

EXHIBIT "A"

11.

Sundance Energy obtained a Title Opinion as to the lessor's ownership interest under the Lease dated January 18, 2017.

12.

Upon information and belief no title documents related to May Guidry Libersat, who was then deceased, were examined and the Title Opinion "assumed" that her fifty (50%) percent interest under the Lease had devolved by root to Gerald D. Libersat, and the heirs of Rodney J. Libersat and Donald J. Libersat, who were also deceased.

13.

Sundance prepared the initial Division Orders for the Wells at issue herein based upon the conclusions from the invalid Title Opinion.

14.

Sundance knew, should have known, and would have known had it exercised the standard of care required for the examination of mineral titles, that these initial Division Orders were incorrect and were a breach of their duty under the Lease.

15.

Petitioners did not sign the initial Division Orders and notified Sundance that the ownership evaluation as expressed in the Title Opinion was wrong.

16.

By e-mail dated February 12, 2018, the defendant Sundance acknowledged notice that the ownership evaluation had been challenged and that Sundance was engaging in additional research.

17.

Notwithstanding said notice, and with knowledge that the Title Opinion was based upon an assumption and not an actual examination of the record title, Sundance knowingly and intentionally breached their obligations under the Lease by diverting petitioners' revenues to third persons.

18.

Commencing in February of 2018, petitioners provided Sundance with the documentation required for a proper evaluation of the mineral title and distribution of revenues in compliance with the Lease.

19.

Notwithstanding actual knowledge of their error Sundance continued to rely upon the invalid Title Opinion and continued making improper payments.

20.

On June 4, 2018, the attorney who authored the invalid Title Opinion requested Act of Congress authentication of the documents previously provided related to May Guidry Libersat and advised that the pay status for her one-half (½) interest would be suspended but the one-sixth (1/6) interest of Gerald D. Libersat would remain in pay status.

EXHIBIT "A"

21.

On June 5, 2018 the Act of Congress documents were provided to Sundance's attorney and on June 12, 2018 to Sundance directly.

22.

Sundance prepared and provided petitioners with a revised Division Order which correctly identified petitioners's interest but did not reflect said interest from the date of first production; had petitioners signed said Division Order they would have ratified Sundance's conduct and improper payment.

23.

The continuation of improper payments and the submission of a second Division Order known to be incorrect is a breach of Sundance's obligations under the Lease and constitutes bad faith.

24.

On August 13, 2018 Sundance was notified that the July payments were still incorrect as to the one-sixth (1/6) interest that Sundance had confirmed would remain in "pay status" and formal demand was made for compliance with the Lease and payment of proper royalties from the date of first production.

25.

On August 16, 2018 Sundance notified petitioners that any and all payments due petitioners under the Lease would be withheld if petitioners did not indemnify the Defendants from their own negligence and required full compliance with the Lease.

26.

On or about October 8, 2018, the defendant Sea Eagle as operator of the Wells subject to the Lease filed suit against Mark Libersat and Roxanne Gilton based upon a failure by said defendants to comply with the indemnity language contained in the incorrect Division Orders prepared by Sundance.

27.

In said proceeding at paragraphs 9., 10., and 11., Sea Eagle, and therefore Sundance judicially admitted: (a) their breach of the Lease, (b) being placed in default by the petitioners through formal demand, (c) that petitioners' interest is two-thirds, and (d) that Sundance is obligated unto petitioners for this share of the income from the date of first production; these admissions are an adverse evidentiary presumption in this proceeding.

28.

Sundance has without a reasonable basis knowingly, intentionally and willfully failed to pay petitioners the revenues which they have judicially admitted are owed.

29.

Upon information and belief Sundance has conspired to convert the funds admitted to be owned by petitioners to their own use through their intentional unauthorized possession, utilization and sequestration of petitioners property without legal cause.

EXHIBIT "A"

30.

The undisputed facts and judicial admissions show that Sundance having knowingly and intentionally refused to discharge its obligations under the Lease and applicable law is in bad faith and said defendants are solidarily liable unto petitioners for the full amount of royalties due from initial production, double damages, interest, cost and attorney's fees and to the judicial cancellation of the Lease.

31.

Petitioners therefore assert any and all claims and causes of action arising out of the operative facts asserted here under any theory law, for all manner of redress and relief, and all species of damage, general, special and punitive, together with all cost of these proceedings and all such awards of attorney's fees as are provided by law.

32.

The amount in controversy is in excess of the amount necessary for a jury trial.

WHEREFORE, petitioners pray that the Defendants be served under the Louisiana Long-Arm statute and be cited to appear and answer the foregoing petition within the delays allowed by law and after all proceedings had that there be judgment herein in favor of petitioners and against the defendants *in solido* finding them liable for the payment of all species of damage, general, special and punitive, together with all cost of these proceedings and all such awards of attorney's fees as are provided by law.

Edwards & Edwards

R. Chadwick Edwards, Jr.
114 East Lafayette Street
Post Office Box 217
Abbeville, La. 70511-0217
Telephone: (337) 893-2884
Facsimile: (337) 898-1285
Louisiana Bar Number: 5293

A TRUE COPY
Deputy Clerk of Court
Vermilion Parish, La.

VERMILION PARISH, LA
FILED THIS DAY
2019 MAR -1 AM 9:29
CLERK OF COURT

EXHIBIT "A"

| | |
|---|---|
| Gerald D. Libersat, et al | 15th Judicial District Court |
| versus | Docket No. 106342-J |
| Sundance Energy, Inc., LLC, et al | Vermilion Parish, Louisiana |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PETITIONERS' FIRST SET OF DISCOVERY REQUESTS

TO:  Sundance Energy, Inc.  
     c/o  Cathy Anderson  
          633 17th St., Ste.1950  
          Denver, CO 80202

SUBMITTED: Served with Petition

DATE DUE: 30 days after Service

Pursuant to the Louisiana Civil Code of Civil Procedure, Article 1420, *et. seq.*, the following discovery requests are made upon the above designated entity. These requests must be answered separately and fully, in writing and under oath, and the responses and any requested documents must be produced at the offices Edwards & Edwards, 114 East Lafayette Street, Abbeville, Louisiana, 70510. As required by the Louisiana Code of Civil Procedure, discovery must be answered and produced within thirty (30) days after service.

**I.  INSTRUCTIONS**

(a) Restate each interrogatory, or request for production in full, prior to your response.
(b) In answering these discovery requests, furnish all information available to you at the time of answering, and supplement your answers in accordance with Louisiana Code of Civil Procedure Article 1428 (West).
(c) Answer each discovery request fully, providing all information actually or constructively available to the Defendant and any other persons or firms known by the Defendant to possess or have access to the requested information.
(d) For each discovery request, identify the person answering the request on behalf of the Defendant, including each and every person consulted for the purpose of preparing answers to these requests and indicating which request each person aided in answering.
(e) If you fail to answer any request, or if you interpose any objection, specifically state the reason(s) therefore and fully state the grounds for the objection and the legal authority upon which you will rely in response to a motion to compel.
(f) With respect to each document otherwise called for by these interrogatories and requests for production of documents, as to which you assert a claim of privilege or the applicability of the work product doctrine, please separately state: (1) the type of document(s), (2) its date, (3) the name, business address and present position of its author(s), (4) the position of its author(s) at the time the document was prepared and current if different, (5) the name and address of any recipients of the document, (6) the position of its addressee and all other recipients, (7) a general description of the subject matter of the documents, (8) the basis of the claim of privilege, and (9) the facts and law upon which you will rely in support of any privilege.

**II.  DEFINITIONS**

(a) The terms "you", "your" or "the Defendant" refer to you or anyone on your behalf.
(b) The "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or other business or legal entity or institution.
(c) The term "document" shall mean the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody or control of the petitioner including, without limitation, all writings, drawings, drafts, charts, sound reproduction tapes, correspondence, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, stenographic or hand-typed and written notes, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, contracts, leaflets, exhibits, surveys, sketches, xerox copies or any other tangible things which constitute or contain matters within the scope of the Louisiana Code of Civil Procedure.
(d) The terms "identify" and "describe" shall mean:
    (1) When used in reference to an individual; state his full name, present or last known business and residence address, and his last known business affiliation and position.
    (2) When used in reference to a document; state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any documents, copies thereof may be furnished.
    (3) When used in reference to any act, occurrence, occasion, meeting, transaction or conduct; set forth the event or events constituting such act, its (their) location(s), the date and time, and particular persons participating, present, or involved in the documents relating to or referring in any way thereto.
    (4) When used in reference to any discussion, conversation, communication, or statement; shall mean, in addition to the definition of paragraph (d) (2) above, to set forth the substance of the discussion.
(e) Use of the masculine gender herein includes the feminine and the singular includes the plural and vice-versa.

EXHIBIT "A"

## DEFINITIONS

"Documents" shall mean any and all tangible things, or things which can be produced in a tangible form as documents, pictures, experts' reports, writings of any type or nature, or any other tangible items of evidence, including any information stored and/or transmitted electronically, magnetically and/or digitally, including but not limited to tape recordings, video recordings, computer records, other data and/or e-mail.

"Lease" shall refer to any document executed by Murphy Libersat, May G. Libersat, Gerald D. Libersat, Rodney J. Libersat and/or Donald J. Libersat authorizing mineral exploration and extraction from lands situated in McMullen County Texas.

"Subject Property" shall refer to the following:
265.97 acres of land, more or less, out of the DeWitt Lyons Survey No. 3, A-297, McMullen County, Texas, and being the same land described in that certain deed dated February 28, 1972 from Alice Walker Tausch and husband T.C. Tausch, Grantors, to Murphy Libersat and May G. Libersat recorded in Volume 115, Page 4, Deed Records of McMullen County, Texas.

"Wells" shall refer to the Libersat EFS 1H Well, the Libersat EFS 2H Well, and the Libersat EFS 3H Well drilled on the Subject Property.

"You" shall refer to Sundance Energy, Inc., and its agents or assigns through which it exercises any rights under the Lease on the Subject Property relating to the Wells drilled there on, including but not limited to Sundance Energy, Inc., Sea Eagle Ford, LLC, Thomas B. Moore, Robert L. Graham, T.M. Shepard, John H. Sowell III, Mari C. Haley, Richard Duncan, and Nona Neal Schorp, Inc.

Interrogatory No. 1:
Please identify the production volume from the Wells and the income derived from the sale thereof from the date of initial operations until the current date.

Interrogatory No. 2:
Please identify the portion of the production and income which you claim the petitioners are entitled to from the date of initial operations until the current date.

Interrogatory No. 3:
Please identify the payments which you have made to the petitioners from the date of initial operations until the current date.

Interrogatory No. 4:
Please identify with specificity each reason why You have not paid petitioners the amounts due under the Lease, specifically referencing the custodian of any documents relied upon to justify Your conduct.

Interrogatory No. 5:
Please identify the account or accounts You have control or access to with any banking and/or financial institution, or attorney trust or escrow account, where the proceeds attributable to the petitioners' interest in the Wells has been deposited.

Interrogatory No. 6:
Have the proceeds attributable to the petitioners' interest in the Wells been sequestered and preserved in an account, or otherwise segregated for their benefit? If so please identify the account in sufficient detail to provide the identity of the custodian?

EXHIBIT "A"

Interrogatory No. 7:

Has all (100%) of the income derived from the Wells which is attributable to the Lease been placed in suspension? If not, who is being paid and why.

Interrogatory No. 8:

Please identify each real or juridical person by name and address, who shares any financial interest in the proceeds derived from production from the Wells and identify the Document by which this interest was acquired and the custodian of the same.

Interrogatory No. 9:

Please identify each person by name, address, job title or designation and employer who prepared any division order relating to the Wells, referencing each such person to the particular division order.

Request for Production of Documents Number 1: [Assignments to You]

Please produce for inspection and copying any and all Documents evidencing a conveyance, transfer, assignment or grant of authority to You derived from a Lease allowing for the exploration and/or extraction of minerals from the Subject Property by You.

Request for Production of Documents Number 2: [Assignments from You]

Please produce for inspection and copying any and all Documents evidencing a conveyance, transfer, assignment or grant of authority by You of any rights derived from a Lease allowing for the exploration and/or extraction of minerals from the Subject Property to any real or juridical person.

Request for Production of Documents Number 3: [Production Volumes]

Please produce for inspection and copying any and all Documents evidencing the volume of minerals extracted from the Subject Property by the Wells drilled thereon from the date of initial operations until the current date and continuing.

Request for Production of Documents Number 4: [Income from Sales]

Please produce for inspection and copying any and all Documents evidencing the income derived from the sale of all minerals extracted from the Subject Property by the Wells drilled thereon from the date of initial operations until the current date and continuing.

Request for Production of Documents Number 5: [Items Consulted]

Please produce for inspection and copying any and all Documents which You consulted or examined in connection with preparing any response, or portion of a response, to this discovery.

Request for Production of Documents Number 6: [Division Orders]

Please produce for inspection and copying any and all Documents which reflect any and all communications by You discussing in any manner the division orders produced in connection with the Wells.

Request for Admission No. 1:

Please admit or deny that all of the factual allegations which You made in the action entitled Sea Eagle Ford, LLC v. Mark Libersat and Roxanne Marie Gilton, Docket No. M-18-0046-CV-B, 156th Judicial District Court, McMullen County, Texas, are true and correct; including but not limited to the facts asserted in paragraphs 9., 10., and 11.

Request for Admission No. 2:

Please admit or deny that not later than February 12, 2018, You confirmed in writing knowledge that Your ownership evaluation relative to production from the Wells was wrong.

EXHIBIT "A"

Request for Admission No. 3:

Please admit or deny that not later than June 5, 2018 You were provided with all of the documents which You had requested to confirm petitioner's ownership.

Request for Admission No. 4:

Please admit or deny that after having been notified of the petitioners actual ownership interest under the Lease you prepared a division order which did not properly reflect this ownership interest.

Edwards & Edwards

R. Chadwick Edwards, Jr.
114 East Lafayette Street
Post Office Box 217
Abbeville, La. 70511-0217
Telephone: (337) 893-2884
Facsimile: (337) 898-1285
Louisiana Bar Number: 5293

VERMILION PARISH, LA
FILED THIS DAY
2019 MAR -1 AM 9:29
Diane Meaux Broussard
CLERK OF COURT

A TRUE COPY
Attest:
Deputy Clerk of Court
Vermilion Parish, La.

EXHIBIT "A"