UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GERALD D LIBERSAT ET AL                 CASE NO.  6:19-CV-00421

VERSUS                                  JUDGE SUMMERHAYS

SUNDANCE ENERGY INC ET AL               MAGISTRATE JUDGE WHITEHURST

MEMORANDUM RULING

The present matter before the Court is the Motion for Injunctive Relief filed by defendants Sundance Energy, Inc., ("Sundance") and SEA Eagle Ford, LLC ("SEA Eagle") [ECF No. 41]. This motion seeks an order barring plaintiffs from taking any further actions in state court with respect to this case because the case was removed to federal court under 28 U.S.C. §1441 and has not been remanded. Defendant Noble Energy, Inc. ("Noble") joined in the Motion for Injunctive Relief.  For the reasons stated below, the Court **GRANTS** the Motion for Injunctive Relief **IN PART**, and **DENIES** the motion **IN PART**.  The Court further **ENJOINS** plaintiffs from taking any further actions or otherwise prosecuting this case in the 15th Judicial District Court ("JDC"), Vermilion Parish, Louisiana.

I.
BACKGROUND

The factual background of this case is fully detailed in the Court's prior Memorandum Ruling on the Sundance/SEA Eagle and Noble Motions to Dismiss [ECF No. 37].  The Court will focus here on the background relevant to the Motion for Injunctive Relief.  Plaintiffs Gerald and Julie Libersat[1] filed a petition in the 15th Judicial District Court, Vermilion Parish, Louisiana, Docket No. 106342-J, against defendants SEA Eagle, Sundance, Thomas B. Moore, Robert L.

---

[1] Gerald Libersat died during the pendency of this case. Charles E. Scarbrough, the executor of the estate of Gerald D. Libersat, was substituted as a plaintiff in his capacity as executor of the estate.

Graham, T. M. Shepard, John H. Sowell, III, Clayton W. Williams, Jr., d/b/a Clayton Williams Energy, Inc., and Noble.[2]  In that state court petition, plaintiffs alleged that Sundance and SEA Eagle breached their obligations under a Texas oil and gas lease.  SEA Eagle and Sundance then removed the case to federal court on April 3, 2019, on the grounds of diversity jurisdiction under 28 U.S.C. Section 1332.[3]  After removal, SEA Eagle and Sundance filed a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Motion to Transfer ("Sundance/SEA Eagle Motion to Dismiss") [ECF 8].  This motion sought dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.  Defendant Noble subsequently filed a similar Rule 12(b)(2) motion asserting that the court lacked personal jurisdiction over it.  The Court entered a Memorandum Ruling granting the Sundance/SEA Eagle Motion to Dismiss as well as the Noble Motion to Dismiss on the grounds that the Court lacked personal jurisdiction over the moving defendants [ECF 37].  The Court took no further action with respect to the remaining five defendants who did not move to dismiss.  Plaintiffs filed a Notice of Appeal on February 18, 2020 [ECF 40].  That appeal challenges the Court's ruling on personal jurisdiction and is currently pending in the United States Court of Appeals for the Fifth Circuit.

On June 25, 2020, plaintiffs filed a Motion to Amend Petition in the 15th JDC, Vermillion Parish, Louisiana, purportedly requesting the state court to allow an amendment of the state court petition in the present case even though the case was never remanded back to the 15th JDC.[4]  In that motion, plaintiffs sought to add additional parties, including an additional defendant who may

---

[2] Complaint at ¶¶ 1A-1G [ECF 1-1].
[3] Notice of Removal [ECF 1].  The state court petition was served on SEA Eagle and Sundance on March 7, 2019. Accordingly, the removal was timely.  Moreover, SEA Eagle and Sundance were not required to obtain consent from the other defendants because none had been served at the time of removal.  *See* 28 U.S.C. §1446(b)(2)(A).
[4] Plaintiffs' state court Motion to Amend, Exhibit A to the Motion for Injunctive Relief [ECF 41-1].

be non-diverse.[5] The 15th JDC granted plaintiffs' Motion to Amend on  July 14, 2020.[6] The state

court order granting plaintiffs' motion to amend appears to reclaim jurisdiction over this case even

though the case has not been remanded:

> Considering the foregoing Motion and the finding the law and
> evidence to be in support of the relief requested, and further finding
> that the ORDER entered January 31, 2020, by the United States
> District Court for the Western District of Louisiana dismissing
> without prejudice petitioner's claims for a lack of personal
> jurisdiction removed the impediments to this Court exercising
> jurisdiction; further, that the parties sought to be added as
> defendants were not subject to the Removal and as potential solidary
> obligors petitioners' cause of action against them, though
> interrelated are not  dependent upon the claims against the other
> defendants in the removed action, and further, that no answer having
> been filed in these proceedings the petitioners are of right entitled to
> amend and therefore it is:
>
> ORDERED, that petitioners' First Supplemental and Amended
> Petition be received and filed.

[ECF 41-2].  Sundance and SEA Eagle then filed the present Motion for Injunctive Relief seeking

to enjoin plaintiffs from taking further actions in the 15th JDC on the grounds that the removal of

the case divested the state court of jurisdiction and the case has not been remanded.

## II.
### STANDARDS FOR INJUNCTIVE RELIEF

Generally, to obtain a preliminary injunction, a movant must demonstrate: (1) a substantial

likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is

not granted; (3) that the threatened injury outweighs any potential harm to the non-movant; and

(4) that the injunction will not undermine the public interest. *Karaha Bodas Co., L.L.C. v.*

*Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir. 2003).

For a court to grant a permanent injunction, a plaintiff must prove actual success on the merits,

---

[5] *Id*. The parties dispute whether these new parties are diverse.
[6] Exhibit A to Motion for Injunctive Relief [ECF 41-2].

and it must also prove the three remaining factors that must be proved to obtain a preliminary injunction. *See Amoco Production Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n. 12 (1987). Injunctive relief is considered an extraordinary remedy, to be granted only when the movant has "clearly carried the burden of persuasion" on all four requirements. *Karaha Bodas Co.,* 335 F.3d at 363.

### III.
#### DISCUSSION

**A.  Jurisdiction Pending Appeal.**

A threshold question raised by plaintiffs is whether this Court has jurisdiction to enter the injunctive relief requested by Sundance, SEA Eagle and Noble. The general rule is that a valid notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to the matters raised in the appeal.  *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 US 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Guajardo v. Texas Dep't of Criminal Justice Executive Director*, 108 F.App.'x 848, 850 (5th Cir. 2004 (per curiam)). A district court, however, "maintains jurisdiction as to matters not involved in the appeal...." *Farmhand, Inc. v. Anel Engineering, Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982).  For example, the district court can take actions that "aid the appeal, correct clerical errors, or enforce its judgment as long as the judgment has not been stayed or superseded."  *Clark v. Dir., TDCJ-CID*, No. 2:10-cv-259, 2012 WL 1995525 at * 2 (E.D. Tex. June 4, 2012) (quoting *Guajardo*, 108 F.App'x at 850).

Plaintiffs' notice of appeal did not divest this Court of jurisdiction to consider and enter the relief requested in the Motion for Injunctive Relief.  First, the relief requested in that motion is not a matter encompassed within the appeal currently pending in the court of appeals.  That appeal

involves the Court's order granting motions to dismiss for lack of personal jurisdiction filed by three of the eight defendants named in the complaint at the time of removal.[7] The subject matter of the appeal is whether the Court erred in concluding that it did not have personal jurisdiction over defendants Sundance, SEA Eagle, and Noble.  In contrast, the present motion seeks an order enforcing the stricture of 28 U.S.C. §1446(d), that, upon removal, the "State court shall proceed no further unless and until the case is remanded."  The present motion thus turns on whether plaintiffs' post-removal prosecution of this case in the 15th JDC violates section 1446(d) and whether the post-removal orders entered by the state court are void *ab initio*.[8]

The Court also retains jurisdiction to maintain the status quo pending appeal.  *See, e.g., Sansom Committee by Cook v. Lynn,* 7353 F.2d 1552, 1554 (3rd Cir. 1984) (a district court "possesses residual jurisdiction to enter orders to assist in maintaining the status quo pending disposition of an appeal"); *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2nd Cir. 1991) (pending appeal, district court retained jurisdiction to enjoin state-court litigation over federal securities claims that were the subject of the appeal). Here, plaintiffs proceeded to prosecute this case in state court while the current appeal was pending by amending their state court petition to include additional parties.[9] The "First Supplement and Amending Petition" filed by plaintiffs in the 15th JDC on July 24, 2020 continues to include defendants Sundance, SEA Eagle, and Noble, who are the subject of the jurisdictional rulings on appeal.[10] Presumably, plaintiffs could continue to prosecute this case in state court against these defendants absent injunctive relief.  Accordingly, the relief requested by defendants would preserve the status

---

[7] *See* ECF 37.
[8] *See* Motion for Injunctive Relief [ECF 41-1] at 5.
[9] *See* ECF 41-2.
[10] *Id.*

quo with respect Sundance, SEA Eagle, and Noble and the jurisdictional rulings on personal jurisdiction that are the subject of the appeal.

**B.   Are the Moving Parties Entitled to Injunctive Relief?**

The Court now turns to the moving defendants' argument that they are entitled to an order enjoining plaintiffs from further prosecuting this case in the 15th JDC and declaring that the post-removal orders entered by the state court are void *ab initio*.  Section 1446(d) addresses the effect of a valid notice of removal with respect to state court proceedings.  It provides that the removing defendants "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal ***and the State court shall proceed no further unless and until the case is remanded***." 28 U.S.C. §1446(d) (emphasis added).  Actions taken by the state court after removal are void *ab initio* and may be vacated by the district court. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463-65 (5th Cir. 1985); *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1 (1st Cir. 2004) (state court judgment entered after removal was a nullity); *Yarnevic v. Brink's, Inc.*, 102 F.3d 753 (4th Cir. 1996) (notice of removal stripped state court of jurisdiction); *see also Wright, Miller, Cooper & Amar*, Federal Practice and Procedure: Jurisdiction 3d § 3736 at 727 (2007).  District courts may also enforce section 1446(d) by enjoining state courts from taking further action in a case that has been removed and not remanded. *Mitchum v. Foster*, 407 U.S. 225, 234-37 (1972); *Meyerland Co. v. Fed. Deposit Ins. Corp.*, 910 F.2d 1257, 1263 (5th Cir. 1990); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988); *see also* 17 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4224, pg. 521. This power also extends to new state cases filed post-removal for purposes of subverting federal jurisdiction.  *See, e.g., Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (9th Cir. 1997).

Here, defendants filed a notice of removal that satisfied the requirements of section 1446(d).[11] That provision states that, upon removal, the 15th JDC was to "proceed no further unless and until the case is remanded." Plaintiffs concede, as they must, that no order of remand has been entered in this case. The state court was, therefore, barred by section 1446(d) from taking any actions after removal based on the clear and unambiguous language of section 1446(d).

Plaintiffs make several arguments that this Court's orders granting the Sundance/SEA Eagle and Noble Motions to Dismiss without prejudice somehow re-vested jurisdiction in the state court even though the case has not been remanded and those motions remain pending on appeal. First, plaintiffs suggest that the dismissal of Sundance, SEA Eagle, and Noble resulted in a final judgment that terminated the case and re-vested jurisdiction in the state court: "This Court's dismissal without prejudice terminated federal jurisdiction and...further proceedings against new defendants and [sic] not inconsistent with the dismissal was within the [state] court's jurisdiction and authority."[12] This argument, however, ignores the fact that this Court never surrendered jurisdiction by remanding the case to state court. Jurisdiction was vested in this Court upon the filing of the notice of removal in accordance with section 1446. The parties did not challenge the removal or the Court's subject matter jurisdiction based on diversity. Regardless of whether this Court's orders on the personal jurisdiction motions can be considered final judgments, the Court's orders never terminated this case or this Court's jurisdiction over the case. When plaintiffs appealed, jurisdiction remained vested in federal court, but jurisdiction with respect to the matters on appeal shifted to the court of appeals. Jurisdiction was never surrendered to the state court through an order of remand. Plaintiffs' argument to the contrary is inconsistent with the text of 1446(d). That provision provides that the state court is barred from proceeding until the case is

---

[11] ECF No. 1.
[12] Plaintiffs' Memorandum in Opposition to Motion for Injunction & Sanctions [ECF 46] at 2.

*remanded*.  The statute says nothing about allowing the state court to proceed in the case once a federal court enters a final judgment.

Plaintiffs next argue that their post-removal motion to amend their state court petition in this case added new parties who were not named at the time of removal and, according to plaintiffs, were never subject to the jurisdiction of this Court.   Plaintiffs' argument confuses cases with parties.   Here, there is only one case that was removed to federal court.   The fact that plaintiffs seek to add new defendants after removal does not alter this Court's jurisdiction over the case, nor does it allow the state court to take action *in this case* in violation of section 1446(d).   Indeed, 28 USC Section 1447(e) expressly contemplates the addition of new parties and indicates that it is the federal district court, not the state court, that has the authority to decide whether or not to allow joinder of new parties: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."   This point is critical here because there is a dispute over whether the defendants that plaintiffs sought to add to the case in state court are diverse.

Finally, plaintiffs argue that injunctive relief here would violate the Anti-Injunction Act, 28 U.S.C. § 2283.   This act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."   *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 US 281, 286 (1970).   One of those exceptions is where injunctive relief is "expressly authorized by Act of Congress...." 28 U.S.C. §2283. According to the Fifth Circuit, "section 1446(d) has long been recognized as one of the statutory exceptions to Section 2283." *Fulford v. Transport Services Co.,* 412 F.3d 609, 612 (5th Cir. 2005). Accordingly, the Anti-Injunction Act does not bar the relief requested in the Motion for Injunctive Relief.

In sum, the post-removal actions taken by the plaintiffs in the 15th JDC as well as the state court's order entered after removal violate 28 U.S.C. § 1446(d).  The post-removal order is therefore void *ab initio* and is hereby **VACATED**.  Furthermore, the moving defendants have satisfied the requirements for injunctive relief. Specifically, they have established that they will succeed on the merits given the clear text of section 1446(d), the fact that the Court has entered no remand order, and the fact that the actions of the state court and plaintiffs have violated section 1446(d). The Court also finds that the moving defendants would be irreparably harmed because they would be forced to litigate these matters in state court when the Court has already ruled that there is no personal jurisdiction over these defendants in Louisiana. Finally, injunctive relief would not harm or otherwise prejudice plaintiffs, nor would it undermine the public interest because section 1446(d) expressly proscribes the conduct that will be enjoined. The Court, therefore, **GRANTS** the Motion for Injunctive Relief and **ENJOINS** plaintiffs from taking any further actions or otherwise prosecuting this case in the 15th JDC, Vermilion Parish, Louisiana.

### C.  Are the Moving Parties Entitled to Attorney Fees and Costs?

As a final matter, the moving defendants request attorney fees and costs for filing their Motion for Injunctive Relief pursuant to 28 U.S.C. § 1927.  This provision provides that: "Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Plaintiffs contend that the law governing the state court's jurisdiction to act after the federal district court enters a final judgment in a removed case is sufficiently unclear that the Court should decline to award attorneys' fees under section 1927.  The Court disagrees with plaintiffs' characterization of the state of the law on post-removal jurisdiction.  The text of section 1446(d) as well as the cases construing that provision

as to the authority of a state court to act after removal is well settled.  This case does not present a particularly close question.  Nevertheless, the Court will **DENY** the moving defendants' request for attorneys' fees and costs at this time.  This denial is without prejudice.  If plaintiffs continue to pursue this case in state court before a remand order has been entered, defendants may renew their request for attorneys' fees.  Moreover, if plaintiffs attempt to subvert the removal jurisdiction of this court by filing new actions, the moving defendants may seek attorneys' fees and costs if they must engage in any further motions practice.

## IV.
### CONCLUSION

For the foregoing reason, the Court **GRANTS** the Motion for Injunctive Relief **IN PART**, and **DENIES** the motion **IN PART**.  The Court **GRANTS** the moving defendants' request for injunctive relief.  Plaintiff Charles E. Scarbrough, as Executor of the Estate of Gerald D. Libersat, and plaintiff Julie Libersat are hereby **ENJOINED** from taking any further actions or otherwise prosecuting this case in the 15th JDC, Vermilion Parish, Louisiana, unless and until such time as this Court may issue an order of remand.  All orders entered by the 15th JDC after this case was removed are void *ab initio* and hereby **VACATED**. The moving defendants' motion for attorneys' fees and costs under 28 USC Section 1927 is **DENIED** without prejudice to re-urging this request at a later stage of the case.

THUS DONE in Chambers on this _____ day of August, 2020.

Robert R. Summerhays
United States District Judge